[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 24.]

THE STATE OF OHIO, APPELLEE, *v.* SPIVEY, APPELLANT.

[Cite as *State v. Spivey*, 1998-Ohio-704.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel denied, when.*

(No. 98-620—Submitted September 15, 1998—Decided November 25, 1998.)

APPEAL from the Court of Appeals for Mahoning County, No. 89 C.A. 172.

_____

{¶ 1} Appellant, Warren Spivey, was convicted of aggravated murder, aggravated robbery, aggravated burglary, and grand theft of a motor vehicle. He was sentenced to death. The court of appeals affirmed the convictions and sentence. *State v. Spivey* (Jan. 13, 1997), Mahoning App. No. 89 C.A. 172, unreported, 1997 WL 16196. Spivey filed an appeal to this court.

{¶ 2} While his direct appeal was pending in this court, Spivey filed a timely application for reopening in the court of appeals pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel before that court. On February 11, 1998, the court of appeals denied the application. *State v. Spivey* (Feb. 11, 1998), Mahoning App. No. 89 C.A. 172, unreported, 1998 WL 78656.

{¶ 3} On March 30, 1998, Spivey filed an appeal from the denial of reopening, along with a memorandum in support of jurisdiction. The state filed a memorandum in response. These jurisdictional pleadings were filed despite the fact that an appeal from a denial of a motion to reopen an appeal in a capital case is an appeal of right, pursuant to S.Ct.Prac.R. II(1)(A)(1).

**{¶ 4}** On April 22, 1998, we affirmed Spivey's convictions and death sentence on direct appeal. *State v. Spivey* (1998), 81 Ohio St.3d 405, 692 N.E.2d 151.

**{¶ 5}** On June 22, 1998, we dismissed the appeal from the application for reopening, for want of prosecution, since no briefs had been filed as required by S.Ct.Prac.R. VI. However, on July 2, 1998, Spivey asked us to reconsider that decision. We granted reconsideration, restored the appeal to the active docket, and treated the memoranda filed as briefs in the case. We now consider the merits.

_____

*Paul J. Gains*, Mahoning County Prosecuting Attorney, and *Janice T. O'Halloran,* Assistant Prosecuting Attorney, for appellee.

*Patricia A. Milhoff*, for appellant.

_____

**Per Curiam.**

**{¶ 6}** Spivey presents two propositions of law for our review. First, Spivey argues that his appellate attorneys were ineffective in the court of appeals because they failed to raise the ineffective assistance of trial counsel in his direct appeal to that court. Second, Spivey argues that the trial court erred in failing to specifically find that he was competent before it accepted his no contest plea and that his appellate attorneys were ineffective for failing to raise this issue on appeal.

**{¶ 7}** In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). Spivey must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus Spivey bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable

claim" of ineffective assistance of counsel on appeal. We find he has failed to do so.

**{¶ 8}** Spivey raised both of these issues before this court in his direct appeal, and we addressed these issues in our decision, and found they lacked merit. See *Spivey*, 81 Ohio St.3d at 417-419, 409-411, 692 N.E.2d at 162-163, 157-158. Therefore, these issues cannot now provide a basis for finding that appellate counsel was ineffective for not raising them in the court of appeals. Spivey has failed to show that had the issues been presented in the court of appeals, there was a reasonable probability that he would have been successful.

**{¶ 9}** For these reasons, we affirm the court of appeals' denial of Spivey's application for reopening.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.

————————————