JOURNAL ENTRY and OPINION
{¶ 1} On January 14, 2002, applicant Harry D. Mitts, Jr., by and through counsel, filed an application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Mitts (Dec. 19, 1996), Cuyahoga App. No. 68612. In his application, Mitts proposes the following assignments of error:
 {¶ 2} I. THE CUMULATIVE EFFECT OF PROSECUTORIAL MISCONDUCT DURING THE MITIGATION PHASE DEPRIVED THE APPELLANT OF HIS RIGHT TO A FAIR TRIAL AS GUARANTEED BY THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 {¶ 3} II. THE TRIAL COURT'S INSTRUCTIONS AT THE MITIGATION PHASE ALLOWING THE JURY TO DETERMINE WHAT EVIDENCE COULD BE CONSIDERED CONCERNING THE AGGRAVATING CIRCUMSTANCES RESULTED IN VIOLATION OF THE APPELLANT'S RIGHTS PURSUANT TO THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 {¶ 4} III. THE TRIAL COURT'S ERRONEOUS INSTRUCTIONS TO THE JURY DURING THE CULPABILITY PHASE REGARDING THE BURDEN OF PROOF AND THE SUBJECT OF PUNISHMENT VIOLATED THE APPELLANT'S RIGHTS PURSUANT TO THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 {¶ 5} IV. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 {¶ 6} V. THE DEATH PENALTY VIOLATES INTERNATIONAL LAW.
 {¶ 7} VI. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL.
{¶ 8} On February 8, 2002, the state of Ohio, through the Cuyahoga County prosecutor's office, filed a memorandum of law in opposition to the application for reopening.
{¶ 9} On August 25, 1994, Mitts was indicted by the Cuyahoga County Grand Jury for four counts in connection with the shooting deaths of Sergeant Dennis Glivar of the Garfield Heights police department and John Bryant; and the attempted murders of Lieutenant Thomas Kaiser of the Garfield Heights police department and Maple Heights police officer Thomas Mackey. The first count charged the applicant with aggravated murder with a firearm specification, a peace officer specification, and three mass murder specifications. Count two charged the applicant with aggravated murder with a firearm specification and three mass murder specifications. Counts three and four charged the applicant with attempted murder with firearm specifications, peace officer specifications and three mass murder specifications.
{¶ 10} The matter proceeded to a jury which found the applicant guilty of all charges. During the penalty phase, the jury found that the aggravating circumstances outweighed the mitigating factors beyond a reasonable doubt and recommended the death penalty. Thereafter, the trial court sentenced the applicant to death on both aggravated murder charges, and to consecutive terms of ten to twenty-five years for the attempted murder counts. On appeal, this court affirmed the conviction and death sentence, see Mitts, supra; and on March 11, 1998, the Supreme Court of Ohio affirmed Mitts' conviction and death penalty. State v.Mitts, 81 Ohio St.3d 223, 1998-Ohio-635, 690 N.E.2d 522.
{¶ 11} On September 25, 1996, Mitts filed a petition for postconviction relief which was subsequently amended on March 23, 1999. Mitts' amended petition was denied by the trial court on August 16, 1999. In State v. Mitts (Sept. 28, 2000), Cuyahoga App. No. 76963, this court affirmed the trial court's decision. The Supreme Court of Ohio declined jurisdiction to hear applicant's appeal.
{¶ 12} Thereafter, on April 9, 2001, Mitts filed a motion for appointment of counsel to reopen his appeal pursuant to App.R. 26(B), which was granted by this court. On September 28, 2001, counsel filed a motion for extension of time to file the application to reopen, which was granted.
{¶ 13} As mandated by App.R. 26(B)(2)(b), an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment. Statev. Cooey, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; State v.Reddick, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.
{¶ 14} Herein, Mitts is attempting to reopen the appellate judgment that was journalized on December 30, 1996. He did not file his application for reopening until January 14, 2002, more than six years after journalization of the appellate judgement in State v. Mitts (Dec. 19, 1996), Cuyahoga App. No. 68612. Mitts' counsel, however, asserts the "application is timely in that (Mitts) is entitled to the appointment of counsel and that any applicable deadlines for filing cannot begin to run until counsel is appointed." Counsel further states that this court granted him an extension until January 14, 2001 to file the application to reopen.
{¶ 15} However, counsel's argument that Mitts is entitled to the appointment of counsel is based upon an incorrect premise.
 {¶ 16} An application to reopen pursuant to App.R. 26(B) is a postconviction petition. The Supreme Court of Ohio recognized this classification in Supreme Court Practice Rule II, Section 2(A)(4)(b): The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief, including appeals brought pursuant to State v. Murnahan (1992), 63 Ohio St.3d 60
and App.R. 26(B). Thus an applicant has no right to counsel in filing the application.
{¶ 17} State v. Dozier (Jan. 17, 1980), Cuyahoga App. Nos. 40186 and 40187, reopening disallowed (Jan. 3, 2002), Motion No. 33149. See, also, State v. Bragg (July 15, 1991), Cuyahoga App. No. 58859, reopening disallowed (Nov. 26, 2001), Motion No. 27560; State v. Darrington (Oct. 2, 1995), Cuyahoga App. No. 65588, reopening disallowed (Oct. 27, 2000), Motion No. 17770; State v. Walker (May 31, 1994), Cuyahoga App. No. 47616, reopening disallowed (Aug. 3, 2001), Motion No. 27447; State v.Creasey (Nov. 23, 1994), Cuyahoga App. Nos. 65717 and 65718, reopening disallowed (Aug. 29, 2001), Motion No. 24781. Moreover, counsel fails to cite any authority in support of this proposition. Therefore, because an applicant does not have a right to counsel, counsel's assertion that the time period to file does not begin to run until counsel is appointed does not have merit.
{¶ 18} Nor do we find that this court's extension waived the applicable time requirements. In the matter sub judice, Mitts' application should have been filed on or before March 31, 1997 to have been considered timely.[1] Accordingly, we find that the application is untimely on its face.
{¶ 19} In an attempt to establish "a showing of good cause," Mitts, through counsel, asserts that "the failure to appoint counsel as constitutionally required precludes the imposition of a filing deadline upon an indigent and incarcerated individual who has neither the resources or expertise to file such action." Furthermore, "the State has an obligation to advise Appellant of his right to pursue relief with counsel at State expense." However, the absence or denial of counsel does not show good cause for untimely filing. Walker, supra; Creasey, supra.
{¶ 20} Additionally, this court and the Supreme Court of Ohio have firmly established that a lack of legal training is not a viable ground for establishing "good cause" for the untimely filing of an application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994),69 Ohio St.3d 1481, 634 N.E.2d 1027; State v. Trammel (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995),72 Ohio St.3d 317, 649 N.E.2d 1226. Nor does ignorance of the law constitute good cause for failing to timely file an application for reopening. State v. Turner (Nov. 16, 1989), Cuyahoga App. No. 55960, reopening disallowed (Aug. 20, 2001), Motion No. 23221; State v. Railing
(Oct. 20, 1994), Cuyahoga App. No. 67137, reopening disallowed (Aug. 30, 1996), Motion No. 72596, at 2.
{¶ 21} Furthermore, limited access to legal materials does not establish good cause. State v. Stearns (July 24, 2000), Cuyahoga App. No. 76513, reopening disallowed (Feb. 14, 2002), Motion No. 27761; Statev. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 16752; State v. Hickman (Apr. 30, 1998), Cuyahoga App. No. 72341, reopening disallowed (Dec. 13, 2000), Motion No. 20830; and Turner, supra.
{¶ 22} Counsel also argues that because Mitts was represented by the same counsel throughout his direct appeals, counsel could not be expected to raise his own ineffectiveness. This argument is also unpersuasive and establishes an independent ground for denying the application to reopen. Walker, supra. Accordingly, Mitts' application is fatally defective and must be denied.
{¶ 23} Notwithstanding the above, Mitts fails to establish that his appellate counsel was ineffective. In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld an appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes,
supra.
{¶ 24} Thus, in order for the court to grant the application for reopening, Mitts must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 {¶ 25} In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether there was a "colorable claim" of ineffective assistance of counsel on appeal.
{¶ 26} State v. Spivey, 84 Ohio St.3d 24, 25, 1998-Ohio-704,701 N.E.2d 696. To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Mitts failed to demonstrate any such deficiency.
{¶ 27} Furthermore, a substantive review of the application to reopen fails to demonstrate that there exists any genuine issue as to whether Mitts was deprived of the effective assistance of appellate counsel.
{¶ 28} In his first assignment of error, Mitts states that his appellate counsel should have argued that the effect of prosecutorial misconduct during the mitigation phase deprived the appellant of his right to a fair trial as guaranteed by the Fifth, Eighth andFourteenth Amendments to the United States Constitution. In support of this argument, Mitts asserts that the prosecutor repeatedly misled the jury regarding what facts should be considered as aggravating circumstances; that the prosecutor improperly argued what standard should be applied in weighing the aggravating circumstances; and that he improperly told the jury that they must acquit the appellant of the death penalty before they could consider an alternative punishment.
{¶ 29} As Mitts notes in his application, no objection to the comments were made at trial. Accordingly, Mitts waived all but plain error. Plain error does not exist unless, but for the error, the outcome of trial would have been different. State v. Joseph, 73 Ohio St.3d 450,1995-Ohio-288, 653 N.E.2d 285.
{¶ 30} In the matter sub judice, we do not find plain error. While the prosecutor did argue the nature and circumstances of the offense, he never suggested that they were to be considered by the jury as aggravating circumstances. State v. Nields, 93 Ohio St.3d 6,2001-Ohio-1291, 752 N.E.2d 859. See, also, State v. Wagenstahl (1996),75 Ohio St.3d 344, 662 N.E.2d 311.
{¶ 31} We also do not find any error with the remaining contentions of prosecutorial misconduct. The test for prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected the substantial rights of the accused. State v.Smith (1984), 14 Ohio St.3d 13, 470 N.E.2d 883. Assuming arguendo that the remarks were improper, we do not find that Mitts was prejudiced. Our review of the record indicates that the judge corrected any alleged errors with his jury instructions. The judge correctly instructed the jury what the aggravating circumstances were, that the state of Ohio had the burden of proving beyond a reasonable doubt that the aggravating circumstances were sufficient to outweigh any mitigating factors, and corrected any "acquit first" argument made by the prosecutor.[2]
{¶ 32} In his second assignment of error, Mitts argues that the trial court's instructions at the mitigation phase allowed the jury to determine what evidence could be considered concerning the aggravating circumstances which resulted in the violation of applicant's rights pursuant to the Eighth and Fourteenth Amendments to the Constitution. Since there was no objection to the instructions, Mitts again waived all but plain error. Joseph, supra.
{¶ 33} After reviewing the entire record, we do not find plain error. It should also be noted that this court performed its constitutional duty of conducting an independent review of the sentence and found that the aggravating circumstances outweighed the mitigating factors.
{¶ 34} In his third assignment of error, Mitts argued that the trial court's instructions to the jury during the culpability phase regarding the burden of proof and the subject of punishment violated the appellant's rights pursuant to the Fifth, Eighth andFourteenth Amendments. Specifically, Mitts argues that the instruction directing the jury to determine the guilt or innocence of the accused shifted the burden of proof by placing his innocence in issue.
{¶ 35} Once again, the failure to object to this instruction limits our review to plain error. Joseph, supra. "A jury instruction * * * must be viewed in the context of the overall charge, * * * rather than in isolation." State v. Thompson (1987) 33 Ohio St.3d 1, 514 N.E.2d 407, quoting State v. Price (1979), 60 Ohio St.2d 136, 398 N.E.2d 772. After reviewing the entire charge, we do not find plain error. The court clearly instructed the jury that the defendant is presumed innocent, that the burden of proof was on the state of Ohio, and that the defendant must be acquitted of any crime charged unless the state proved each and every element of the crime beyond a reasonable doubt.
{¶ 36} We further find that Mitts was not prejudiced by the court's instruction regarding the subject of punishment. The record establishes that, after a defense objection to the charge, the court corrected itself and told the jury to disregard the prior instruction and that they may or may not discuss or consider the subject of punishment. The court also reminded the jury that there were two parts to the trial as was explained to them during voir dire.
{¶ 37} In assignment of error four, Mitts claims that he was. denied the effective assistance of trial counsel by counsel failing to object to numerous instances of prosecutorial misconduct, and to erroneous and prejudicial jury instructions. However, because we have previously determined that there was no underlying error, we do not find that counsel was ineffective. State v. Henderson (1989), 39 Ohio St.3d 24,528 N.E.2d 1237.
{¶ 38} Mitts also argues that he was denied the effective assistance of counsel because counsel failed to present a reasonable theory of defense at both the culpability and mitigation phases by failing to properly prepare for the testimony of a defense witness, Dr. Sandra McKee, and by failing to use a mitigation expert.
{¶ 39} In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 104 S.Ct. at 2065. Debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 402 N.E.2d 1189.
{¶ 40} As this court stated in State v. Mitts (Sept. 28, 2000), Cuyahoga App. No. 76963,
 {¶ 41} An attorney's selection of which witnesses to call at trial falls within the purview of trial tactics and generally will not constitute ineffective assistance of counsel. State v. Coulter
(1992), 75 Ohio App.3d 219. Asking specific questions of a witness, even an expert witness, also falls under the realm of trial tactics.
{¶ 42} Furthermore, the existence of alternative or additional mitigation theories does not establish ineffective assistance of trial counsel. State v. Combs (1994), 100 Ohio App.3d 90, 652 N.E.2d 205.
{¶ 43} In the matter sub judice, counsel's presentation of evidence during both the culpability phase and mitigation phase were debatable trial tactics which this court will not second-guess. We also find that Mitts failed to establish prejudice.
{¶ 44} Mitts' fifth assignment of error states that the death penalty violates international law. We find this argument to be meritless. See State v. Keene, 81 Ohio St.3d 646, 1998-Ohio-342,693 N.E.2d 246; State v. Phillips, 74 Ohio St.3d 72, 1995-Ohio-171,656 N.E.2d 643.
{¶ 45} In light of the above review, we do not find that Mitts was denied the effective assistance of counsel on appeal.
Accordingly, the application to reopen is denied.
KENNETH A. ROCCO, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] The 90th day, March 30, 1997, was a Sunday.
[2] In State v. Mitts (Dec. 19, 1996), Cuyahoga App. No. 68612, Mitts argued that the lower court erroneously gave an acquittal first instruction. However, this court disagreed and found that the instruction was in accordance with R.C. 2929.03(D)(2), and did not inform the jury that it was required to determine that the death penalty was inappropriate before it could consider life in prison.