JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Barnett, Cuyahoga County Court of Common Pleas Case No. CR-401352, applicant, Robert Barnett, was found guilty by the court of felonious assault with a firearm specification. This court affirmed that judgment in State v. Barnett, Cuyahoga App. No. 81101, 2002-Ohio-6506. The Supreme Court of Ohio dismissed Barnett's appeal to that court for the reason that no substantial constitutional question existed and overruled Barnett's motion for leave to appeal. State v.Barnett, 98 Ohio St.3d 1514, 2003-Ohio-1572.
 {¶ 2} Barnett has filed with the clerk of this court an application for reopening. Barnett asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign as error that, although "[t]he trial court found Barnett guilty of aiding and abetting the felonious assault with a firearm," Barnett was not indicted for aiding and abetting. State v. Barnett, Cuyahoga App. No. 81101, 2002-Ohio-6506, at ¶ 15. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} We hold that Barnett has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
 {¶ 4} "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two-prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. Barnett cannot satisfy either prong of the Strickland test. We must, therefore, deny the application on the merits.
 {¶ 5} In his first assignment of error, Barnett complains that defects in the indictment render the proceedings that resulted in his conviction "null and void." Application, at 3. (Although Barnett's failure to argue expressly that appellate counsel was ineffective for failing to raise this assignment of error would be a sufficient basis for rejecting this argument, we will treat this assignment of error as asserting the ineffective assistance of appellate counsel.)
 {¶ 6} The first count of the indictment charged Barnett with violation of R.C. 2903.11 (felonious assault), which provides, in part: "(A) No person shall knowingly do either of the following: (1) Cause serious physical harm to another * * *; (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." Count 1 of the indictment reads, in part: [Barnett] "did knowingly cause serious physical harm to Sherman Crenshaw and/or did knowingly cause or attempt to cause physical harm to Sherman Crenshaw by means of a deadly weapon or dangerous ordnance * * *." Barnett argues that use of the word "or" "creates a vagueness that violates the due process of law * * *." Application, at 4. Yet, he has not cited any authority holding that the relevant language in R.C. 2903.11 is unconstitutionally vague.
 {¶ 7} Barnett makes a similar argument with respect to the second count of the indictment, attempted murder. In light of the trial court's finding of not guilty on the second count, however, we need not address this argument.
 {¶ 8} We must, therefore, conclude that Barnett's first assignment of error does not provide a basis for reopening.
 {¶ 9} In his second assignment of error, Barnett asserts that his appellate counsel was ineffective for failing to assign as error that the trial court abused its discretion by allowing the prosecution to "switch" to aiding and abetting from felonious assault. Application, at 6. R.C.2923.03 (complicity) provides, in part: "(F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense." It is well-settled that the use of a complicity theory does not constitute an impermissible amendment of the indictment.
 {¶ 10} "Pursuant to R.C. 2923.03(F), a charge of complicity may be stated in terms of R.C. 2923.03 or in terms of the principal offense.State v. Caldwell (1984), 19 Ohio App.3d 104, 19 Ohio B. 191,483 N.E.2d 187. Where one is charged in terms of the principal offense, he is on notice, by operation of R.C. 2923.03(F), that evidence could be presented that the defendant was either a principal or an aider and abettor for that offense. See State v. Dotson (1987), 35 Ohio App.3d 135,520 N.E.2d 240." State v. Johnson, Cuyahoga App. Nos. 81692 and 81693, 2003-Ohio-3241, ¶ 49.
 {¶ 11} In light of R.C. 2903.03(F), Barnett's second assignment of error does not establish a genuine issue as to whether Barnett has a colorable claim of ineffective assistance of appellate counsel. We must, therefore, conclude that Barnett's second assignment of error does not provide a basis for reopening.
 {¶ 12} Likewise, the Barnett's affidavit accompanying the application is not sufficient to comply with App.R. 26(B)(2), which provides, in part:
 {¶ 13} "An application for reopening shall contain all of the following:
 {¶ 14} "* * *;
 {¶ 15} "(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record * * *."
 {¶ 16} The substantive portion of the "Affidavit of Verity" accompanying the application merely states "[t]hat I have personal knowledge of the facts stated herein and I am competent to testify as to the truth of the same." Compare State v. Turner (Nov. 16, 1989), Cuyahoga App. No. 55960, reopening disallowed (Aug. 20, 2001), Motion No. 23221, at 4-5 ("The `Affidavit of Verity' accompanying the application merely states `that the facts herein or attached are true and accurate to the best of my knowledge, information and belief.'" Turner, supra, at 5.); see, also, State v. Nero (Dec. 9, 1983), Cuyahoga App. No. 47782, reopening disallowed, 2003-Ohio-268, Motion No. 343053, at ¶ 14-15;State v. Johnson (Aug. 20, 1992), Cuyahoga App. No. 61015, reopening disallowed (Dec. 13, 2000), Motion No. 16322, at 4. In Turner, Nero andJohnson we held that the applicant's failure to comply with App.R. 26(B)(2)(d) was a sufficient basis for denying the application for reopening.
 {¶ 17} We must also hold in this case that Barnett's affidavit does not set forth "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2)(d). Applicant's failure to comply with App.R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening.
 {¶ 18} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
PATRICIA A. BLACKMON, J., AND JAMES J. SWEENEY, J., CONCUR