JOURNAL ENTRY AND OPINION
{¶ 1} Under App.R. 26(B), Bruce Sinclair has filed an application to reopen the appellate judgment rendered by this court in State v. Sinclair,[1] which affirmed his conviction for one count of drug trafficking,[2] and one count of possession of drugs,[3] each with a major drug offender specification,[4] and one count of possessing criminal tools.[5] We decline to reopen his appeal.
 {¶ 2} It is well-established that an appellate counsel is not required to raise every conceivable assignment of error on appeal or argue assignments of error which are meritless.[6]
Sinclair must establish the prejudice that resulted from the claimed deficient performance by his appellate counsel, and must further affirmatively establish that, but for such deficient performance, the result of his appeal would have been different. He is required to establish that there is a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal.
 {¶ 3} "In State v. Reed * * * we held that the two prong analysis found in Strickland v. Washington * * * is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal."[7]
 {¶ 4} Sinclair raises one assignment of error in support of his claim of ineffective assistance. He argues that appellate counsel was ineffective by failing to argue on appeal that the failure to submit the major drug offender specification to the jury resulted in the imposition of a ten-year-maximum sentence of incarceration for a felony of the first degree.
 {¶ 5} A review of the record of Sinclair's trial demonstrates that the major drug offender specification was not submitted to the jury for consideration. The failure to submit the specification to the jury, however, did not prejudice him. The United States Supreme Court, in Apprendi v. New Jersey[8]
held that:
 {¶ 6} "In sum, our reexamination of our cases in this area, and of the history upon which they rely, confirms the opinion that we expressed in Jones v. United States * * *. Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in concurring opinions in that case: `[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.'"[9]
 {¶ 7} The holding of the United States Supreme Court inApprendi, however, has been distinguished within the state of Ohio with regard to whether the jury properly decided the issue of a major drug specification beyond a reasonable doubt. InState v. Elkins,[10] the Franklin County Court of Appeals held that:
{¶ 20} "The facts of the case are distinguishable fromApprendi. Here, defendant's conviction was based upon a juryverdict, not a plea agreement. Count 18 of the indictmentincluded a major drug offender specification with a factualallegation that defendant possessed Oxycodone, a Schedule IIcontrolled substance, in an amount that was at least one hundredtimes the amount necessary to commit a third degree felony. Thejury's verdict found defendant guilty of aggravated possession ofOxycodone in an amount equal to or exceeding one hundred timesthe bulk amount as charged in the indictment. Unlike Apprendi,the jury, not the court, determined that defendant possessed aSchedule II controlled substance in an amount equal to orexceeding one hundred times the bulk amount beyond a reasonabledoubt.
 {¶ 21} As a result of the jury's factual conclusion, thedefendant was by statutory definition a major drug offender underR.C. 2925.11(C)(1)(e), mandating the imposition of the maximumpenalty for a first degree felony and triggering defendant'sclassification as a major drug offender. Defendant'sclassification as a major drug offender, in turn, vested thetrial court with the discretion to impose an additional prisonterm * * *."[11]
 {¶ 8} The offenses of drug trafficking and possession of drugs, as charged in the indictment, each contained a major drug offender specification. Under R.C. 2925.11(C) ((4)(f), possession of an amount of crack cocaine, in an amount that equals or exceeds one hundred grams, automatically results in the classification as a major drug offender and requires the imposition of a mandatory prison term of the maximum prison term prescribed for a felony of the first degree, which is ten years under R.C. 2929.14(A)(1). Sinclair's jury did, in fact, make a determination that the amount of crack cocaine, which formed the basis of indictment for the offenses of trafficking in drugs and possession of drugs, "was in an amount equal to exceeding one hundred (100) grams."[12] Thus, the jury did determine, beyond a reasonable doubt, that Sinclair was a major drug offender as charged within the specifications included in the counts of drug trafficking and possession of drugs. Sinclair was not denied his right to due process and cannot establish any prejudice as a result of appellate counsel's failure to raise the issue upon appeal to this court.[13] We decline to reopen Sinclair's original appeal.
 {¶ 9} The application for reopening denied.
Application denied.
 Celebrezze Jr., and Gallagher, JJ., concur.
[1] Cuyahoga App. No. 81437, 2003-Ohio-4337.
[2] R.C. 2925.03.
[3] R.C. 2925.11.
[4] R.C. 2941.140.
[5] R.C. 2923.24.
[6] Jones v. Barnes (1983), 463 U.S. 745, 103 S.Ct. 3308,77 L.Ed.2d 987.
[7] State v. Spivey, 84 Ohio St.3d 24, 25, 1998-Ohio-704,701 N.E.2d 696, 697 (Internal Citations Omitted).
[8] (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.
[9] Id. at 490 (Internal Citation Omitted).
[10] 148 Ohio App.3d 370, 2002-Ohio-2914, 773 N.E.2d 593.
[11] Id. at ¶ 20.
[12] See trial court's journal entry of conviction as journalized on March 8, 2002, and jury verdict form as contained within the record.
[13] Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674.