DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the application of appellant, Jarrod L. Washington, for delayed reopening, pursuant to App.R. 26(B).
 {¶ 2} Appellant was convicted of cocaine trafficking in the Fulton County Court of Common Pleas and sentenced to a six year term of incarceration. On appeal, appellant argued that the imposition of a non-minimum sentence on a first offender violated his Sixth Amendment rights as articulated in Blakely v.Washington (2003), 542 U.S. 296. We rejected this argument, holding that Blakely did not apply to Ohio's sentencing statutes. State v. Washington, 6th Dist. No F-05-001,2006-Ohio-118.
 {¶ 3} Subsequent to the release of our decision on appellant's case, the Supreme Court of Ohio held that Blakely
indeed applied to Ohio's sentencing scheme and that a first offending defendant sentenced to a non-minimum term, pursuant to R.C. 2929.14(B), was entitled to a new sentencing hearing. Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph one of the syllabus.
 {¶ 4} Appellant moved for reconsideration, pursuant to App.R. 26(A). We, however, denied the motion on the grounds that the motion was brought beyond the 10 day period provided for in the rule and that Foster, at ¶ 106, expressly limited its effect to those cases on direct appeal when Foster was decided. State v.Washington (Apr. 17, 2006), 6th Dist. No. F-05-001.
 {¶ 5} Now, pursuant to App.R. 26(B), appellant urges that he was denied effective assistance of appellate counsel, because his appellate attorney failed to preserve his constitutional claim by noticing an appeal to the Supreme Court of Ohio on an issue then pending before that court.
 {¶ 6} To justify reopening an appeal, the appellant "bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey (1998), 84 Ohio St.3d 24,25, 1998 Ohio 704. Strickland v. Washington (1984),466 U.S. 668, sets forth the standard for judging ineffective-assistance claims: "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-688. Furthermore, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694 .
 {¶ 7} It would appear that, had appellant's case been pending when Foster was decided, his sentence would have been among those ordered vacated and remanded for a new sentencing hearing. Failure to preserve this issue might well have been deficient performance on the part of appellate counsel and may well have operated to appellant's prejudice. Accordingly, we conclude that, pursuant to Strickland v. Washington, supra, appellant has raised a genuine issue as to whether he was denied effective assistance of counsel on appeal. So finding, pursuant to App.R. 26(B)(5), we grant appellant's application to reopen his appeal. Since it appears that appellant is indigent and not represented by counsel, we appoint Attorney Stacey Burns, 714 Taylor Street, Delta, Ohio, 43515, to represent him on his reopened appeal. App.R. 26(B)(6)(a) .
 {¶ 8} On consideration whereof, this matter is reopened. The clerk of the court of appeals is ordered to refile the record within 20 days of the date of this decision and judgment entry, and appellant is granted leave to file his assignments of error and brief 30 days after the filing of the record. It is so ordered.
REOPENING GRANTED.
Handwork, J., Pietrykowski, J., Singer, P.J. concur.