DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court following our June 26, 2006 decision granting appellant Jarrod L. Washington's application to reopen his appeal based upon a claim of ineffective assistance of appellate counsel on direct appeal.
 {¶ 2} The facts that are relevant to the issues raised on this appeal are as follows. On March 18, 2004, appellant was convicted of trafficking in cocaine, a violation of R.C. 2925.03(A)(1). He was sentenced to serve six years in prison. On appeal, appellant argued that the imposition of a non-minimum sentence on a first offender violated his Sixth Amendment rights as articulated in Blakely v. Washington
(2003), 542 U.S. 296. We rejected this argument, holding thatBlakely did not apply to Ohio's sentencing statutes. State v.Washington, 6th Dist. No F-05-001, 2006-Ohio-118.
 {¶ 3} Subsequent to the release of our decision on appellant's case, the Supreme Court of Ohio held that Blakely indeed applied to Ohio's sentencing scheme. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph one of the syllabus.
 {¶ 4} Appellant moved for reconsideration pursuant to App. R. 26(B), arguing that he was denied effective assistance of appellate counsel, because his appellate attorney failed to preserve his constitutional claim by filing a notice of appeal to the Supreme Court of Ohio on an issue then pending before that court. This court granted appellant's application to reopen. State v. Washington, 6th Dist. No. F-05-001,2006-Ohio-3383. On reopening, appellant now presents the following assignment of error:
 {¶ 5} "Whether the appellant's sentence is unconstitutional because the trial court relied upon judicial fact finding instead of jury findings."
 {¶ 6} In sentencing appellant, the trial judge expressly stated:
 {¶ 7} "The court finds that defendant has been convicted of the offense of trafficking in cocaine, a felony of the second degree, pursuant to Revised Code section 2925.03(A)(1). The court further finds that pursuant to Revised Code Section 2929.14(B) that the shortest prison term possible would demean the seriousness of the offense and not adequately protect the public and therefore imposes a term greater than the minimum term."
 {¶ 8} In light of the Supreme Court of Ohio's decision in State v.Foster, supra, we find that appellant's assignment of error has merit. In Foster, the court held that R.C. 2929.14(B) and (C),2929.19(B)(2), 2929.14(E)(4), and 2929.41(A) violate theSixth Amendment to the United States Constitution, pursuant to Blakely v.Washington (2004), 542 U.S. 296, and Apprendi v. New Jersey (2000),530 U.S. 466. Because the trial court relied on an unconstitutional statute when sentencing appellant, we find that the sentence is void and must be vacated. Foster ¶ 103-104.
 {¶ 9} On consideration whereof, the judgment of the Fulton County Court of Common Pleas is reversed as to his sentence only. Appellant's sentence is vacated and this matter is remanded to the trial court for resentencing pursuant to State v. Foster, supra. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.