{¶ 1} In State v. Hooks, Cuyahoga County Court of Common Pleas Case No. CR-474577, applicant was convicted of murder with one-year, three-year and five-year specifications as well as of having a weapon while under disability. This court affirmed that judgment in State v.Hooks, Cuyahoga App. No. 88713, 2007-Ohio-5944. Hooks did not appeal to the Supreme Court of Ohio.
 {¶ 2} Hooks has filed with the clerk of this court a timely application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel failed to assign as error that: 1) "the prosecutor purposely and knowingly used perjured testimonies from two state witnesses"; 2) "The Court erred to the prejudice of Appellant by failing to instruct the jury about the lesser included offense of Involuntary Manslaughter"; and 3) "The Trial Court violated Appellant's Due Process rights by failing to submit a Special Interrogatory to the jury on the issue of the existence of specific intent to cause the death of another." Application, at 5 (capitalization in original). We deny the application for reopening. As required by App. R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App. R. 26(B)(5). In State v. Spivey (1998),84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme *Page 2 
Court specified the proof required of an applicant. "In State v.Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App. R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. Applicant cannot satisfy either prong of the Strickland test. We must, therefore, deny the application on the merits.
 {¶ 4} In his first proposed assignment of error, Hooks complains that prosecutorial misconduct led to his conviction. He contends that the state "knowingly and intelligently" presented two state's witnesses who lied. Hooks argues that the testimony of each of these witnesses demonstrates that they could not have seen the person who committed this murder. The state correctly observes, however, that — on direct appeal — this court rejected the assignment of error asserting that the verdict was against the manifest weight of the evidence. Additionally, this court specifically examined the evidence identifying Hooks as the perpetrator and concluded that "the trier of fact did not lose its way and create a manifest miscarriage of justice. Further, the amount of reliable and consistent evidence presented by the state outweighed any inconsistencies in testimony and *Page 3 
substantially supported each conviction." Cuyahoga App. No. 88713,2007-Ohio-5944, at TJ60-61. Applicant's first proposed assignment of error does not, therefore, provide a basis for reopening.
 {¶ 5} In his second proposed assignment of error, Hooks asserts that the trial court should have instructed "the jury about the lesser included offense of Involuntary Manslaughter." Application, at 5. "[A]n instruction is not warranted every time any evidence is presented on a lesser included offense. There must be `sufficient evidence' to `allow a jury to reasonably reject the greater offense and find the defendant guilty on a lesser included (or inferior-degree) offense.' (Emphasis sic.) State v. Shane, 63 Ohio St.3d at 632-633, 590 N.E.2d 272."State v. Conway, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, at 1J134 (affirming the refusal of the trial court to instruct the jury on involuntary manslaughter in a case in which the appellant was convicted of aggravated murder).
 {¶ 6} As the state correctly observes, Hooks does not provide this court with any authority in support of this assignment of error nor does he cite to any portions of the transcript in support of his assertion that an instruction on involuntary manslaughter as a lesser included offense would be appropriate. Rather, at trial, "[t]he state and defense agreed to add the lesser included offense of murder, in violation of R.C. 2903.02(A), with one-, three-, and five-year firearm specifications." Cuyahoga App. No. 88713, 2007-Ohio-5944, at T|38. Hooks has not, therefore, demonstrated that there is a genuine issue whether his appellate counsel was *Page 4 
ineffective for failing to assign as error the absence of a jury instruction on involuntary manslaughter.
 {¶ 7} In his third proposed assignment of error, Hooks contends that the trial court erred by failing to submit a special interrogatory to the jury on whether he had the specific intent to cause the death of another. Hooks does not, however, identify any portion in the record at which a special interrogatory was requested or provide this court any authority requiring an interrogatory. As a consequence, he has not demonstrated either that his appellate counsel's performance was deficient or that he was prejudiced by the absence of an assignment of error asserting that the trial court should have submitted to the jury interrogatory regarding his intent.
 {¶ 8} Accordingly, the application for reopening is denied.
 PATRICIA A. BLACKMON, J., and MELODY J. STEWART, J., CONCUR *Page 1