[Cite as *State v. Grant*, 2011-Ohio-2254.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 94101

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## VINCENT GRANT

DEFENDANT-APPELLANT

**JUDGMENT:**
**APPLICATION DENIED**

Cuyahoga County Common Pleas Court
Case No. CR-518679
Application for Reopening
Motion No. 440509

**RELEASE DATE:**    May 10, 2011

FOR APPELLANT

Vincent Grant, Pro Se
No. 570-720
North Central Correctional Institution
P.O. Box 1812
Marion, Ohio 43302

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
By:    Katherine Mullin, Esq.
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

JAMES J. SWEENEY, J.:

{¶ 1}  In *State v. Grant*, Cuyahoga County Court of Common Pleas Case No. CR-518679, the grand jury indicted applicant, Vincent Grant, on four counts: rape, kidnapping and two counts of felonious assault.  He pled guilty to sexual battery with a sexually violent predator specification (amended from rape) and the state nolled the other three counts.  The trial court imposed a five-year prison sentence.  This court affirmed that judgment in *State v. Grant*, Cuyahoga App. No. 94101, 2010-Ohio-5241.  The Supreme Court of

Ohio dismissed Grant's appeal for want of prosecution. *State v. Grant*, Case No. 2010-2182, 03/09/2011 Case Announcements, 2011-Ohio-1030.

**{¶ 2}** Grant has filed with the clerk of this court a timely application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error that: 1) trial counsel was ineffective for failing to adequately cross-examine witnesses; 2) the verdict was against the manifest weight of the evidence; 3) the verdict was against the sufficiency of the evidence; and 4) Grant was denied a fair trial through judicial bias. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

**{¶ 3}** Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Grant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant. "In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant]

must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. Grant cannot satisfy either prong of the *Strickland* test. We must, therefore, deny the application on the merits.

{¶ 4} Grant's first three proposed assignments of error refer to proceedings during trial: cross-examination of witnesses as well as the sufficiency and weight of the evidence. The docket in Case No. CR-518679 does not reflect that the court of common pleas ever commenced trial. Rather, after continuances of several scheduled trial dates, Grant pled guilty to one amended count and the state nolled the other counts. Obviously, appellate counsel was not ineffective for failing to assign errors related to proceedings during "trial."

{¶ 5} Additionally, the state argues that Grant's plea waived these errors. We agree. A guilty plea waives errors that occurred at trial. See, e.g., *State v. Lenard*, Cuyahoga App. No. 95317, 2011-Ohio-1571, ¶17. Specifically, a guilty plea waives errors based on the sufficiency or manifest

weight of the evidence. See, e.g., *State v. Weakley*, Cuyahoga App. No. 93282, 2011-Ohio-304, ¶4. Grant was not prejudiced and appellate counsel was not deficient by the absence of these proposed assignments of error on direct appeal. As a consequence, Grant's first, second and third proposed assignments of error are not well-taken.

{¶ 6} In his fourth proposed assignment of error, Grant complains that he "was denied a fair trial through judicial bias * * *." Application, unnumbered page 8. The trial court scheduled trial in the underlying case to begin on March 3, 2009. On that date and in open court, Grant's counsel asked to be removed due to communication problems between counsel and Grant. During the ensuing colloquy, the court stated: "The issue is he [Grant] is an intimidator." Tr. 5. Grant complains that original trial counsel did not request the trial court to recuse herself. He also contends that new counsel should have requested that the Supreme Court of Ohio disqualify the trial court judge. Application, unnumbered page 8.

{¶ 7} On direct appeal, appellate counsel's first assignment of error asserted that Grant was denied due process based upon ineffective assistance of counsel because his trial court attorney did not comply with the proper procedure to have a trial court judge removed from the case. On March 17, 2009, Grant filed a pro se motion to dismiss the trial judge. In the motion,

he stated: "On 3/11/09 A Complaint was filed with Ohio State Bar Association for bias [sic] Statement at trial on 3/09/09. I believe doue [sic] Process will be denied in Furture [sic] Court Proceedings, and Request to dismiss said Judge from the bench for my trial." Motion to Dismiss Judge, Pagination of Record #22 (capitalization in original).

**{¶ 8}** On direct appeal, this court acknowledged that R.C. 2701.03 governs the procedure for seeking the disqualification of a judge of the court of common pleas. The court also noted that a claim of ineffective assistance of trial counsel is waived by a guilty plea unless the purported ineffectiveness caused the plea to be involuntary. *State v. Grant*, Cuyahoga App. No. 94101, 2010-Ohio-5241, ¶10. "Notwithstanding the waiver, we find that trial counsel's decision not to proceed with a formal motion for disqualification could be deemed a trial tactic, one that this court will not second-guess." Id., ¶11.

**{¶ 9}** Clearly, this court has already considered whether trial counsel was ineffective for failing to file an affidavit of disqualification under R.C. 2701.03. Res judicata, therefore, bars our considering this issue. As a consequence, Grant's fourth proposed assignment of error is not well-taken.

**{¶ 10}** We also note that Grant's application does not contain a "sworn statement of the basis for the claim that appellate counsel's representation

was deficient" as required by App.R. 26(B)(2)(d). The absence of a sworn statement is a sufficient basis for denying an application for reopening. See, e.g., *State v. Fortson,* Cuyahoga App. No. 92337, 2010-Ohio-2337, reopening disallowed, 2011-Ohio-698.

{¶ 11} Grant has not met the standard for reopening. Accordingly, the application for reopening is denied.

_____
JAMES J. SWEENEY, JUDGE


MARY EILEEN KILBANE, A.J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY