[Cite as *State v. Robertson*, 2011-Ohio-4806.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 94527

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MELVIN ROBERTSON

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Application for Reopening
Motion No. 443440

Cuyahoga County Common Pleas Court
Case No. CR-516228

RELEASE DATE:     September 16, 2011

FOR APPELLANT

Melvin Robertson, pro se
Inmate No. 582-196
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio    44901

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

By:   T. Allan Regas
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, J.:

{¶ 1}  In *State v. Robertson*, Cuyahoga County Court of Common Pleas Case No. CR-516228, the jury found applicant, Melvin Robertson, guilty of rape.  This court affirmed the judgment of conviction in *State v. Robertson*,

Cuyahoga App. No. 94527, 2011-Ohio-325. The Supreme Court of Ohio denied applicant's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Robertson*, 128 Ohio St.3d 1485, 2011-Ohio-242, 946 N.E.2d 242.

**{¶ 2}** Robertson has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign as error that: the trial court permitted an expert witness to bolster the credibility of the victim; the prosecution knowingly used perjured testimony; the trial court prevented the victim from testifying regarding her clothing; and the cumulative effect of these purported errors denied Robertson a fair trial. Robertson also complains that appellate counsel was ineffective for acknowledging in the appellant's brief that Robertson and the victim had intercourse.

**{¶ 3}** We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

**{¶ 4}** Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701

N.E.2d 696, the Supreme Court specified the proof required of an applicant. "In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. Robertson cannot satisfy either prong of the *Strickland* test. We must, therefore, deny the application on the merits.

{¶ 5} In his first proposed assignment of error, Robertson contends that his appellate counsel should have asserted that the trial court erred by permitting an expert witness "to give testimony that improperly bolstered the credibility of the alleged victim * * *." Application, at 2. Specifically, Robertson observes that the record does not contain any physical evidence of a sexual assault.

{¶ 6} Three days after the incident giving rise to this case, the 17 year old victim, S.S., reported it to the police. She also went to MetroHealth Medical Center where a rape kit was performed.

{¶ 7} A forensic scientist from the Bureau of Criminal Identification and Investigation ("BCI"), Justin Barnhart, who analyzed the rape kit, testified regarding his report including the "Comments" section which states, in part: "Victim reports Subject used condom. Condom not recovered. Subject forced victim to shower after incident and no other sexual contact, consensual or otherwise, reported by victim between incident and Rape Kit Collection." State's Exh. 13. Barnhart also responded to questions regarding the effect of the following circumstances on the ability to recover evidence: the use of a condom; the victim's taking a shower; the occurrence of the event while the victim was menstruating; and the length of time semen and saliva can be detected in or on the body.

{¶ 8} Robertson contends that, by reading the comments section as well as by giving his opinion regarding the effect of the passage of time on recovering bodily fluids, Barnhart was improperly commenting on the credibility of S.S. "An expert may not testify as to the expert's opinion of the veracity of the statements of a child declarant." *State v. Boston* (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220, syllabus, modified on other grounds in *State*

*v. Dever*, 64 Ohio St.3d 401, 1992-Ohio-41, 596 N.E.2d 436, paragraph one of the syllabus. In light of *Boston*, Robertson argues that Barnhart's testimony "only served to bolster the credibility of the alleged victims [sic] uncorroborated testimony * * *." Application at 3.

{¶ 9} The state correctly observes, however, that *Boston* prohibits an expert witness from testifying whether the expert believes the victim. Robertson has not demonstrated that Barnhart made any statement regarding the credibility of S.S. Rather, the portions of Barnhart's testimony cited by Robertson pertain to scientific matters and the content of his report. Robertson has not, therefore, demonstrated that appellate counsel was deficient or that he was prejudiced by the absence of his first proposed assignment of error.

{¶ 10} The trial giving rise to this appeal occurred in October 2009. Initially, Robertson was tried in August 2009, but the jury was unable to reach a unanimous verdict. In his second proposed assignment of error, Robertson argues that the prosecution knowingly used perjured testimony. That is, Robertson contends that the victim's testimony changed significantly in the second trial compared with the first trial and other statements in the record.

{¶ 11} The state responds, however, that the victim's "inconsistencies" do not constitute perjury under R.C. 2921.11: knowingly making a false, material statement under oath. The state also observes that this court considered the inconsistencies in S.S.'s testimony on direct appeal. See *State v. Robertson*, Cuyahoga App. No. 94527, 2011-Ohio-325, ¶49 (noting that Robertson's trial counsel cross-examined S.S. on various inconsistencies).

{¶ 12} Trial counsel cross-examined S.S. regarding her inconsistent statements as well as argued those inconsistencies to the jury. On direct appeal, appellate counsel argued that the inconsistencies in her testimony demonstrate that there was insufficient evidence as a matter of law and that the conviction was against the manifest weight of the evidence. This court extensively reviewed various aspects of the victim's testimony – including inconsistencies, acknowledged that the jury was in the best position to judge credibility and concluded that they had not lost their way.

{¶ 13} We must conclude that appellate counsel was not deficient, because he did indeed argue that the inconsistencies required reversal. Likewise, we must conclude that Robertson was not prejudiced by the absence of his second proposed assignment of error.

{¶ 14} S.S. had met B.S., a 16 year old female, on MySpace.com. B.S. was living with Robertson, who was 36 years old. S.S. and B.S. arranged for

S.S. to spend the night of September 19-20, 2008 at the home of B.S. and Robertson. "Between approximately 2:30 a.m. and 3:30 a.m. on September 20, 2008, defendant and S.S. had sexual intercourse." Cuyahoga App. No. 94527, 2011-Ohio-325, ¶3. S.S. testified that Robertson convinced her to stay for breakfast. Id. ¶25. "Before they took S.S. home, defendant and B.S. told S.S. to sing along with some music, and they videotaped her, although S.S. did not know it at the time." Id. ¶26.

{¶ 15} In his fourth proposed assignment of error, Robertson complains that the trial court limited cross-examination of S.S. regarding the clothing she wore during the video. He states that she was wearing more revealing clothing during the video taken the morning after she said Robertson raped her than the evening before "which proves a degree of comfort." Application, at 9. Robertson argues that the rape shield law, R.C. 2907.02(D), does not require exclusion of the testimony regarding the victim's clothing.

{¶ 16} The state correctly observes, however, that the rape shield law "essentially prohibits the introduction of any extrinsic evidence pertaining to the victim's sexual activity, with limited exceptions." *State v. Ciacchi*, Cuyahoga App. No. 92705, 2010-Ohio-1975. We agree with the state that her attire hours after the time during which she testified Robertson raped her

is not relevant. Appellate counsel was not deficient nor was Robertson prejudiced by the absence of this assignment of error.

{¶ 17} In his fifth proposed assignment of error, Robertson contends that appellate counsel was ineffective for failing to assign as error the cumulative effect of proposed assignments of error 1, 2 and 4. As the discussion above demonstrates, none of these proposed assignments of error provides a basis for concluding that there is a reasonable probability that Robertson would have been successful on direct appeal if his appellate counsel had assigned these errors. His fifth proposed assignment of error is not well-taken.

{¶ 18} In his third proposed assignment of error, Robertson complains that his appellate counsel acknowledged in the appellant's brief that Robertson and S.S. had intercourse. He contends that his defense had been throughout the trial that "no sexual activity took place, nor did a rape occur." Application, at 8. Yet, during closing argument, Robertson's trial counsel reminded the jury: "In voir dire I had a conversation with you about distinguishing between morality and legality. And if it were illegal to try to have consensual sex or have consensual sex with a 17 year old, he would be here for that." Trial Transcript, Vol. III, 703-704.

{¶ 19} Obviously, Robertson's contention is based on a faulty recollection of the record. The testimony during trial was that Robertson had intercourse

with S.S. That testimony has not been contradicted. Appellate counsel was not deficient nor was Robertson prejudiced by appellate counsel's merely stating the facts in the record. Robertson's fourth proposed assignment of error is not well-taken.

{¶ 20} Robertson has not met the standard for reopening. Accordingly, the application for reopening is denied.

_____

EILEEN A. GALLAGHER, JUDGE

SEAN A. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR