[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 411.]

THE STATE OF OHIO, APPELLEE, *v*. COOEY, APPELLANT.

[Cite as *State v. Cooey*, 1995-Ohio-328.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel—Application denied when applicant fails to establish good cause for failing to file timely application to reopen.*

(No. 95-435—Submitted June 21, 1995—Decided August 30, 1995.)

APPEAL from the Court of Appeals for Summit County, No. 12943.

_____

{¶ 1} Appellant, Richard Cooey II, was convicted of four counts of aggravated murder, with three capital specifications attached to each count; two counts of kidnapping; two counts of rape; two counts of aggravated robbery; and one count of felonious assault. He received two sentences of death. The court of appeals affirmed the convictions and sentences. *State v. Cooey* (Dec. 23, 1987), Summit App.No. 12943. On direct appeal as of right, we also affirmed appellant's convictions and death sentences. *State v. Cooey* (1989), 46 Ohio St. 3d 20, 544 N.E.2d 895, certiorari denied, *Cooey v. Ohio* (1990), 499 U.S. 954, 111 S.Ct. 1431, 113 L. Ed.2d 482, rehearing denied (1991), 500 U.S. 938, 111 S Ct. 2068, 114 L. Ed.2d 472.

{¶ 2} Appellant's original ineffective assistance of counsel claim was filed as a post-conviction action on February 6, 1992. On February 19, 1992, this court decided in *State v. Murnahan* (1992), 63 Ohio St. 3d 60, 584 N.E.2d 1204, that ineffective assistance of appellate counsel claims were not cognizable in post-conviction actions. On appeal from the dismissal of appellant's post-conviction action, the court of appeals held that *Murnahan* controlled and that appellant's ineffective assistance of appellate counsel claim could not be heard in a post-

conviction proceeding. *State v. Cooey* (May 25, 1994), Summit App. Nos. 15895 and 15966, unreported. On July 1, 1993, App.R. 26 (B) became effective, requiring that an application to reopen an appeal, where ineffective assistance of appellate counsel is alleged, be filed within ninety days from the journalization of the appellate judgment.

{¶ 3} Appellant filed an application to reopen his direct appeal on November 3, 1994, almost seven years after the conclusion of his direct appeal and over one year after App. R. 26 (B) became effective. The court of appeals denied appellant's application to reopen, finding that he had failed to establish good cause for not filing the application to reopen within ninety days from the effective date of App.R. 26(B), July 1, 1993. Appellant appeals the denial of his application.

————————————

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *William D. Wellemeyer*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, *Cynthia A. Yost* and *William S. Lazarow*, Assistant Public Defenders, for appellant.

————————————

**Per Curiam.**

{¶ 4} Appellant has failed to show good cause for the untimely filing of his application to reopen. See *State v. Reddick* (1995), 72 Ohio St.3d 88, 647 N.E.2d 784. We therefore affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., not participating.

————————————