[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
THE PRIOR JOURNAL ENTRY AND OPINION RELEASED JUNE 6, 2002 IS HEREBY REVISED AND AMENDED NUNC PRO TUNC. COVER PAGE IS CORRECTED TO PERTAIN TO CHEUK FUNG ONLY. THE ATTACHED JOURNAL ENTRY AND OPINION SHALL STAND IN FULL FORCE AND EFFECT IN ALL ITS PARTICULARS. THE CORRECTED ENTRY IS ATTACHED.
ADMINISTRATIVE JUDGE TIMOTHY E. McMONAGLE, CONCURS JUDGE COLLEEN CONWAYCOONEY, CONCURS.
 JOURNAL ENTRY and OPINION
{¶ 36} On March 1, 2002, Cheuk Fung filed a motion for delayed application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in Statev. Chu and Fung (Jan. 26, 2000), Cuyahoga App. Nos. 75583, 75689[1]. On March 20, 2002, the State of Ohio, through the Cuyahoga County Prosecutor's office, filed a memorandum of law in opposition to application for reopening. Thereafter, on April 1, 2002 and April 10, 2002, Fung filed supplemental memoranda in support of his application for reopening.
 {¶ 37} Cheuk Fung, along with co-defendant Hiu Hing Chu, were convicted by a jury for one count of engaging in a pattern of corrupt activity, R.C. 2923.32; seven counts of forgery, R.C. 2913.31; seven counts of uttering, R.C. 2913.31; three counts of theft, R.C. 2913.02; three counts of misusing a credit card, R.C. 2913.21; one count of tampering with records, R.C. 2913.42; and one count of possessing criminal tools, R.C. 2923.24.
 {¶ 38} In his application to reopen, Fung contends that his appellate counsel was ineffective for failing to raise as error the trial court's failure to make requisite findings under R.C. 2929.14(B) to support its imposition of a longer prison term; and the trial court's creation of appearance that appellant was given a more severe sentence to punish him for exercising his right to trial.
 {¶ 39} To establish such claim, Fung must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 40} Thus, in order for the Court to grant the application for reopening, Fung must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 {¶ 41} "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two-prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey, 84 Ohio St.3d 24, 25,1998-Ohio-704, 701 N.E.2d 696.
 {¶ 42} In the case at bar, the record of trial indicates that the following exchange took place during sentencing:
 {¶ 43} "* * *
 {¶ 44} "Court: We're here on 365106, case captioned State of Ohio versus Cheuk Fung. Let the record reflect that the defendant is present in open court represented by counsel. On a former occasion, the defendant was convicted in a trial by jury, and we're here at this time for sentencing. Do you have statement (sic) for the court on behalf of your client?
 {¶ 45} "Mr. Willis: Thanks very much, your honor. Your honor, I had a chance to review the presentence report and I spoke with my client yesterday. This is an unfortunate incident involving some people who came to Cleveland, and the jury verdict finding the two co-defendants guilty.
 {¶ 46} "We would request that the court give whatever leniency that it could give to Mr. Fung. And in my opinion, he's the least culpable of all three co-defendants in this matter.
 {¶ 47} "We're talking about a person who was born in Hong Kong, who does not own a computer, finished the 9th grade, has no criminal record, and probably just made the mistake of being with the wrong people and trying to do something quickly that he shouldn't have done and using some bad judgment.
 {¶ 48} "Mr. Fung was employed in California, and but for this he's trying to do what we consider to be the right thing. Therefore, we would ask whatever leniency this Court might consider giving Mr. Fung due to all the circumstances. We would appreciate it. Thank you very much.
 {¶ 49} "Court: * * * Is there anything that you wish to say on your own behalf, Mr. Fung?
 {¶ 50} "Defendant: No.
 {¶ 51} "Court: And I see here that in 1992 in San Francisco you were arrested for kidnaping, extortion and criminal conspiracy, and that case was dismissed for lack of sufficient evidence.
 {¶ 52} "* * *
 {¶ 53} "Court: I had an opportunity, as previously indicated, to preside over the trial of this case. There is a presumption in favor of incarceration under Senate Bill II for these matters.
 {¶ 54} "While you don't — you're not going to be punished for declining to enter into a plea agreement in this matter, you don't have a constitutional right to commit perjury.
 {¶ 55} "You got up and lied on the stand during the course of this trial and you lied about your involvement in this case. And contrary to statements made to the probation department, you misrepresented what you did to support yourself in California.
 {¶ 56} "Apparently, you've been hanging around the wrong people most of your adult life according to your conduct you've engaged in as reflected by your criminal history. I don't find you to be less culpable in this case than your co-defendant. You are sentenced to six years at LCI. Credit for time served. * * *"
 {¶ 57} Fung argues that the court failed to comply with R.C.2929.14(B) when it sentenced him to six years in prison.[2] According to R.C. 2929.14(B):
 {¶ 58} "Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02
of the revised code, or in Chapter 2925 of the revised code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 59} The Supreme Court of Ohio directs that a trial court sentencing an offender to his first imprisonment must specify on the record that one or both reasons allowed by R.C. 2929.14(B) justify a sentence longer than the minimum. State v. Edmonson, 86 Ohio St.3d 324,326, 1999-Ohio-110, 715 N.E.2d 131. While the trial court need not give its reasons, the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons. Id at 326.
 {¶ 60} According to R.C. 2929.14(A), the prison term for a felony of the second degree shall be two, three, four, five, six, seven, or eight years in prison. As stated by Fung's counsel and confirmed by the presentence report, Fung never before served a prison term. However, the court did not state either of the two sanctioned reasons why it diverted from the minimum sentence. Accordingly, we find that this assignment of error raises a genuine issue as to whether Fung was deprived of the effective assistance of counsel on appeal.
 {¶ 61} As to Fung's second assignment of error, we find it lacks merit. The trial court specifically stated on the record that it was not punishing Fung for failing to accept the plea agreement. Rather, the trial court stated that it was taking into consideration the defendant's untruthfulness during trial which is permissible. See State v. O'Dell
(1989), 45 Ohio St.3d 140, 543 N.E.2d 1220; State v. Franklin (May 10, 2001), Cuyahoga App. No. 77385.
 {¶ 62} In their motion in opposition, the State of Ohio argues that the application must be denied because it is untimely. As mandated by App.R. 26(B)(2)(b), an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. Herein, Fung is attempting to reopen the appellate judgment that was journalized on January 26, 2000. He did not file his application for reopening until March 1, 2002, over two years after journalization of the appellate judgement in State v. Fung, supra. Thus, the application is untimely on its face.
 {¶ 63} The State of Ohio further argues that Fung fails to establish good cause for his untimely filing. An applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment. State v. Cooey,73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; State v. Reddick,72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.
 {¶ 64} We agree with the State of Ohio that the application is untimely and that Fung's reason's for his untimely filing do not constitute good cause.[3] However, this court has previously overlooked App.R. 26(B) procedural deficiencies to reach the merits of an application for reopening. See, e.g., State v. McClain (Mar. 15, 2001), Cuyahoga App. No. 77740, reopening denied (May 8, 2002), Motion No. 28966; Statev. Woodard (Apr. 23, 1992), Cuyahoga App. No. 61171, reopening denied (Sept. 18, 2001), Motion No. 23121; State v. Bragg (July 15, 1991), Cuyahoga App. No. 58859, reopening denied (Nov. 26, 2001), Motion No. 27560; State v. Chandler (Mar. 5, 1992), Cuyahoga App. No. 59764, reopening denied (Aug. 13, 2001), Motion No. 24366; State v. Foster
(Nov. 22, 1993), Cuyahoga App. No. 64101, reopening denied (Feb. 11, 1998), Motion No. 88719; State v. Larson (Nov. 22, 1993), Cuyahoga App. No. 63001, reopening denied (Aug. 13, 1996), Motion No. 73462; State v.Gaunt (Oct. 12, 1993), Cuyahoga App. No. 63792, reopening denied (Mar. 12, 1998), Motion No. 74073; State v. Reynolds (Dec. 31, 1990), Cuyahoga App. No. 57534, reopening denied (Dec. 22, 1994), Motion No. 53537; Statev. Travis (Apr. 16, 1990), Cuyahoga App. No. 56825, reopening denied (Nov. 2, 1994), Motion No. 51073; State v. Bridgeman (Feb. 19, 1980), Cuyahoga App. No. 39346, reopening denied (Feb. 28, 1997), Motion No. 77614.
 {¶ 65} App.R. 26(B)(5) further provides that "an application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." In the matter sub judice, it would not be just if we denied Fung's application because of a procedural defect. Moreover, such decision is consistent with our previous holdings that an application that presents a genuine issue as to the effectiveness of counsel on appeal should supercede any procedural deficiency of the application. See State v.Manos (Feb. 22, 1994), Cuyahoga App. No. 64616, reopening granted (Sept. 13, 1996), Motion No. 72558; State v. Smiley (Jan. 26, 1998), Cuyahoga App. No. 72026, reopening granted (Apr. 22, 1998), Motion No. 91903.
 {¶ 66} Accordingly, the application for reopening is granted in part and denied in part.
 {¶ 67} Attorney Stephen L. Miles, 20800 Center Ridge Road, Rocky River, Ohio 44116, is appointed pursuant to App.R. 26(B)(6)(a) to represent applicant/appellant. The issue on appeal is limited to Fung's first assignment of error.
 {¶ 68} The clerk of the Court of Appeals is instructed to reassemble the record in Case No. 75689 as it existed during this court's original review of the judgment entered in Case No. 365106. Applicant is granted leave to file a motion to supplement the record within thirty days of this entry.
 {¶ 69} Applicant's brief on the merits is due within sixty days of the date of this entry. Appellee's brief is due within twenty days of the filing of appellant's brief. Applicant's reply brief is due within ten days of the filing of appellee's brief. All briefs shall conform with App.R. 16, 18 and 19, as well as Loc.App.R. 16.
TIMOTHY E. McMONAGLE, A.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] Appellate case numbers 75583 and 75689 were consolidated on August 20, 1999.
[2] Fung was sentenced to one year in prison for the remaining counts which were to run concurrent to each other.
[3] Fung asserts that good cause for his untimely filing consists of his inability to obtain the trial transcripts and his ignorance of the law.