JOURNAL ENTRY and OPINION
{¶ 1} On June 21, 2002, Richard Hiu Hing Chu filed a motion for delayed application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Chu and Fung (Jan. 26, 2000), Cuyahoga App. Nos. 75583, 75689. On July 15, 2002, the State of Ohio, through the Cuyahoga County Prosecutor's office, filed a memorandum of law in opposition to application for reopening.
 {¶ 2} Richard Hiu Hing Chu, along with co-defendant Cheuk Fung, were convicted by a jury for one count of engaging in a pattern of corrupt activity, R.C. 2923.32; seven counts of forgery, R.C. 2913.31; seven counts of uttering, R.C. 2913.31; three counts of theft, R.C.2913.02; three counts of misusing a credit card, R.C. 2913.21; one count of tampering with records, R.C. 2913.42; and one count of possessing criminal tools, R.C. 2923.24.
 {¶ 3} In his application to reopen, Chu asserts that his appellate counsel was ineffective for failing to raise as error the trial court's failure to make requisite findings under R.C. 2929.14(B) to support its imposition of a longer prison term.
 {¶ 4} To establish such claim, Chu must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 5} Thus, in order for the Court to grant the application for reopening, Chu must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 {¶ 6} "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two-prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey, 84 Ohio St.3d 24, 25,1998-Ohio-704, 701 N.E.2d 696.
 {¶ 7} In the case at bar, the record indicates that the following exchange took place during sentencing:
 {¶ 8} "* * *
 {¶ 9} "Court: We're here on 365106, case captioned State of Ohio versus Cheuk Fung. Let the record reflect that the defendant is present in open court — I'm sorry — with regard to Richard H. Chu. * * * At this time, is there anything further you wish to say on behalf of your client before we proceed with sentencing?
 {¶ 10} "Mr. Willis: Yes. The segment of the probation report that I read your honor, reflected inaccurately that the defendant does not have any prior convictions. He's married. He's a student. He lives with his wife and his young son or daughter — son, I believe, with his parents, who maintain some semblance of a family relationship and supports him as he attempts to make his way through college. His wife also attends college.
 {¶ 11} "I'm hopeful that the court will see in this case that this one whereby all of the property that supposedly or had, in fact, been taken, according to the jury, by the defendant, was not lost, and all that I can see is possibly a couple thousand dollars as a loss that has been sustained by several of the stores, perhaps maybe the airline. And I'm hopeful that the court will take this all into consideration and view this as basically a theft case and sentence defendant and hopefully the defendant qualifies for lenient considerations.
 {¶ 12} "The Court: And on behalf of the State of Ohio, do you wish to be heard?
 {¶ 13} "Ms. Travis: Your Honor, the State has no comments with respect to sentencing. We have another motion, if you would like to hear it now.
 {¶ 14} "* * *
 {¶ 15} "The Court: All right. And on behalf of yourself Mr. Chu, anything that you want to say?
 {¶ 16} "The Defendant: No ma'am.
 {¶ 17} "The Court: I've had an opportunity to review the pre-sentence report in this case, as well as obviously having presided over the trial, and the evidence demonstrated in this case that this was a very involved scheme that you entered into to defraud not only the people within the greater Cleveland area, but apparently to continue this course of conduct throughout the midwest and into the western states, and the fact that your conduct was stopped by law enforcement is not something to your credit.
 {¶ 18} "Further, with regard to your claims that you're 28 years old and you're a student, I had a note to the probation department to confirm your attendance at San Jose State.
 {¶ 19} "The report indicates that you're 28 years old, married with a child, that you live with your parents, that you're a welfare recipient and that's apparently how you support yourself. Do you have any other type of employment?
 {¶ 20} "* * *
 {¶ 21} "The Court: * * * The Court finds that according to Senate Bill II there is a presumption in favor of incarceration for this offense. You have not accepted responsibility for your conduct in this matter. Therefore, you are going to be sentenced as follows: You were sentenced to a definite term of imprisonment for a period of six years at the Lorain Correctional Institute, costs are imposed. You are also ordered to pay restitution in this case. * * *
 {¶ 22} "* * *
 {¶ 23} "Mr. Willis: * * * Could I make one other note? And I don't really want to belabor this. This court indicated six years, but there was more than one count. Is the Court —
 {¶ 24} "The Court: I gave six years with regard to the RICO counts. With regard to the balance of each count of the indictment, the defendant is sentenced to a definite term of imprisonment of one year on each count concurrently."
 {¶ 25} Chu argues that the court failed to comply with R.C.2929.14(B) when it sentenced him to six years in prison. According to R.C. 2929.14(B):
 {¶ 26} "Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02
of the revised code, or in Chapter 2925 of the revised code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 27} The Supreme Court of Ohio directs that a trial court sentencing an offender to his first imprisonment must specify on the record that one or both reasons allowed by R.C. 2929.14(B) justify a sentence longer than the minimum. State v. Edmonson, 86 Ohio St.3d 324,326, 1999-Ohio-110, 715 N.E.2d 131. While the trial court need not give its reasons, the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons. Id at 326.
 {¶ 28} According to R.C. 2929.14(A), the prison term for a felony of the second degree shall be two, three, four, five, six, seven, or eight years in prison. As stated by Chu and confirmed by the pre-sentence report, Chu never before served a prison term. However, the court did not state either of the two sanctioned reasons why it diverted from the minimum sentence. Accordingly, we find that this assignment of error raises a genuine issue as to whether Chu was deprived of the effective assistance of counsel on appeal.
 {¶ 29} In their motion in opposition, the State of Ohio argues that the application must be denied because it is untimely. As mandated by App.R. 26(B)(2)(b), an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. Herein, Chu is attempting to reopen the appellate judgment that was journalized on January 26, 2000. He did not file his application for reopening until June 21, 2002, over two years after journalization of the appellate judgement in State v. Chu, supra. Thus the application is untimely on its face.
 {¶ 30} The State of Ohio further argues that Chu fails to assert any good cause for his untimely filing. An applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment. State v. Cooey,73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; State v. Reddick,72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.
 {¶ 31} We agree with the State of Ohio that the application is untimely and that Chu failed to assert any good cause for his untimely filing. However, this court has previously overlooked App.R. 26(B) procedural deficiencies to reach the merits of an application for reopening. See, e.g., State v. McClain (Mar. 15, 2001), Cuyahoga App. No. 77740, reopening denied (May 8, 2002), Motion No. 28966; State v.Woodard (Apr. 23, 1992), Cuyahoga App. No. 61171, reopening denied (Sept. 18, 2001), Motion No. 23121; State v. Bragg (July 15, 1991), Cuyahoga App. No. 58859, reopening denied (Nov. 26, 2001), Motion No. 27560; State v. Chandler (Mar. 5, 1992), Cuyahoga App. No. 59764, reopening denied (Aug. 13, 2001), Motion No. 24366; State v. Foster
(Nov. 22, 1993), Cuyahoga App. No. 64101, reopening denied (Feb. 11, 1998), Motion No. 88719; State v. Larson (Nov. 22, 1993), Cuyahoga App. No. 63001, reopening denied (Aug. 13, 1996), Motion No. 73462; State v.Gaunt (Oct. 12, 1993), Cuyahoga App. No. 63792, reopening denied (Mar. 12, 1998), Motion No. 74073; State v. Reynolds (Dec. 31, 1990), Cuyahoga App. No. 57534, reopening denied (Dec. 22, 1994), Motion No. 53537; Statev. Travis (Apr. 16, 1990), Cuyahoga App. No. 56825, reopening denied (Nov. 2, 1994), Motion No. 51073; State v. Bridgeman (Feb. 19, 1980), Cuyahoga App. No. 39346, reopening denied (Feb. 28, 1997), Motion No. 77614.
 {¶ 32} App.R. 26(B)(5) further provides that "an application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." In the matter sub judice, it would not be just if we denied Chu's application because of a procedural defect. Moreover, such decision is consistent with our previous holdings that an application that presents a genuine issue as to the effectiveness of counsel on appeal should supercede any procedural deficiency of the application. See State v.Manos (Feb. 22, 1994), Cuyahoga App. No. 64616, reopening granted (Sept. 13, 1996), Motion No. 72558; State v. Smiley (Jan. 26, 1998), Cuyahoga App. No. 72026, reopening granted (Apr. 22, 1998), Motion No. 91903.
 {¶ 33} Accordingly, the application for reopening is granted. Attorney Jonathan N. Garver, 4403 St. Clair Avenue, Cleveland, Ohio 44103, is appointed pursuant to App.R. 26(B)(6)(a) to represent applicant/appellant.
 {¶ 34} The clerk of the Court of Appeals is instructed to reassemble the record in Case No. 75583 as it existed during this court's original review of the judgment entered in Case No. 365106. Applicant is granted leave to file a motion to supplement the record within thirty days of this entry.
 {¶ 35} Applicant's brief on the merits is due within sixty days of the date of this entry. Appellee's brief is due within twenty days of the filing of Appellant's brief. Applicant's reply brief is due within ten days of the filing of appellee's brief. All briefs shall conform with App.R. 16, 18 and 19, as well as Loc.App.R. 16.
TIMOTHY E. McMONAGLE, A.J., and MICHAEL J. CORRIGAN.
COLLEEN CONWAY COONEY, J., CONCUR.