JOURNAL ENTRY AND OPINION
{¶ 1} Darryl Crayton is attempting to reopen the appellate judgment that was rendered by this court in State v.Crayton,[1] which affirmed his plea of guilty to four counts of aggravated robbery and three firearm specifications. We decline to reopen his original appeal.
 {¶ 2} As mandated by App.R. 26(B)(2)(b), Crayton must establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment" which is subject to reopening.[2] Crayton has failed to establish "a showing of good cause" for the filing of his application fourteen months after our opinion was journalized.[3] Thus, his application for reopening is fatally defective and must be denied.
 {¶ 3} The doctrine of res judicata also prevents the reopening of Crayton's original appeal because errors of law that were either previously raised or could have been raised through an appeal may be barred from further review.[4] The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.[5]
 {¶ 4} Crayton did file an appeal, pro se, with the Supreme Court of Ohio and either raised or could have raised the constitutional issue of ineffective assistance of appellate counsel. The Supreme Court of Ohio, however, dismissed his appeal on October 10, 2003. Since the issue of ineffective assistance of appellate counsel was raised or could have been raised on appeal to the Supreme Court of Ohio, res judicata now bars any further litigation of the claim.[6]
 {¶ 5} It must also be noted that Crayton's proposed assignment of error, in support of his claim of ineffective assistance of counsel, was previously raised before this court. On appeal, we examined the issue of whether the trial judge's participation in the plea negotiation process was not impartial and held that "* * * the record demonstrates the trial court did not act partially; rather, the court merely assured Crayton that he would receive fair and impartial treatment regardless of whether he proceeded to trial or entered a plea."[7] Once again, the doctrine of res judicata bars the further review of whether the trial judge was partial during the plea negotiations.
 {¶ 6} Accordingly, we decline to reopen Crayton's original appeal and deny his application for reopening.
Calabrese, Jr., J., concurs.
 Rocco, J., concurs.
[1] Cuyahoga App. No. 81257, 2003-Ohio-2299.
[2] See, also, State v. Cooey,
73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; State v. Reddick,72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.
[3] State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317.
[4] See, generally, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus.
[5] State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204.
[6] State v. Dehler, 73 Ohio St.3d 307, 1995-Ohio-320,652 N.E.2d 987; State v. Terrell, 72 Ohio St.3d 247, 1995-Ohio-54,648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
[7] State v. Crayton, supra, at 7.