JOURNAL ENTRY AND OPINION
{¶ 1} MICHAEL E. GORDON HAS FILED AN APPLICATION FOR REOPENING PURSUANT TO APP.R. 26(B). GORDON IS ATTEMPTING TO REOPEN THE APPELLATE JUDGMENT THAT WAS RENDERED IN STATE V. GORDON, CUYAHOGA APP. NO. 82189,2003-OHIO-6160, WHICH AFFIRMED HIS CONVICTION FOR TWO COUNTS OF AGGRAVATED VEHICULAR HOMICIDE (R.C. 2903.08), AND ONE COUNT OF DRIVING UNDER THE INFLUENCE (R.C. 4511.19). FOR THE FOLLOWING REASONS, WE DECLINE TO REOPEN GORDON'S APPEAL.
 {¶ 2} INITIALLY, WE FIND THAT GORDON'S APPLICATION FOR REOPENING IS NOT TIMELY FILED. AS REQUIRED BY APP.R. 26(B)(2)(B), GORDON MUST ESTABLISH "A SHOWING OF GOOD CAUSE FOR UNTIMELY FILING IF THE APPLICATION IS FILED MORE THAN NINETY DAYS AFTER JOURNALIZATION OF THE APPELLATE JUDGMENT" WHICH IS SUBJECT TO REOPENING. SEE, ALSO, STATE V. COOEY, 73 OHIO ST.3d 411, 1995-OHIO-328; STATE V. REDDICK, 72 OHIO ST.3d 88, 1995-OHIO-249, 647 N.E.2d 784. HEREIN, GORDON IS ATTEMPTING TO REOPEN THE APPELLATE JUDGMENT THAT WAS JOURNALIZED ON DECEMBER 1, 2003. THE APPLICATION FOR REOPENING WAS NOT FILED UNTIL NOVEMBER 23, 2004, MORE THAN NINETY DAYS AFTER JOURNALIZATION OF THE APPELLATE JUDGEMENT WHICH AFFIRMED GORDON'S CONVICTION FOR THE OFFENSES OF AGGRAVATED VEHICULAR HOMICIDE AND DRIVING UNDER THE INFLUENCE. GORDON HAS FAILED TO ESTABLISH "A SHOWING OF GOOD CAUSE" FOR THE UNTIMELY FILING OF HIS APPLICATION FOR REOPENING. STATE V. KLEIN (APR. 8, 1991), CUYAHOGA APP. NO. 58389, REOPENING DISALLOWED (MAR. 15, 1994), MOTION NO. 49260, AFFIRMED (1994), 69 OHIO ST.3d 1481; STATE V. TRAMMELL (JULY 24, 1995), CUYAHOGA APP. NO. 67834, REOPENING DISALLOWED (APR. 22, 1996), MOTION NO. 70493; STATE V. TRAVIS (APR. 5, 1990), CUYAHOGA APP. NO. 56825, REOPENING DISALLOWED (NOV. 2, 1994), MOTION NO. 51073, AFFIRMED (1995), 72 OHIO ST.3d 317. THUS, GORDON'S APPLICATION FOR REOPENING IS FATALLY DEFECTIVE AND MUST BE DENIED.
 {¶ 3} THE DOCTRINE OF RES JUDICATA ALSO PREVENTS THIS COURT FROM REOPENING GORDON'S ORIGINAL APPEAL. ERRORS OF LAW THAT WERE EITHER PREVIOUSLY RAISED OR COULD HAVE BEEN RAISED THROUGH AN APPEAL MAY BE BARRED FROM FURTHER REVIEW VIS-A-VIS THE DOCTRINE OF RES JUDICATA. SEE, GENERALLY, STATE V. PERRY (1967), 10 OHIO ST.2d 175, 226 N.E.2d 104. THE SUPREME COURT OF OHIO HAS ALSO ESTABLISHED THAT A CLAIM OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL MAY BE BARRED BY THE DOCTRINE OF RES JUDICATA UNLESS CIRCUMSTANCES RENDER THE APPLICATION OF THE DOCTRINE UNJUST. STATE V. MURNAHAN (1992), 63 OHIO ST.3d 60, 584 N.E.2d 1204.
 {¶ 4} HEREIN, GORDON POSSESSED A PRIOR OPPORTUNITY TO RAISE AND ARGUE THE CLAIM OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL UPON APPEAL TO THE SUPREME COURT OF OHIO. GORDON, HOWEVER, FAILED TO FILE AN APPEAL WITH THE SUPREME COURT OF OHIO, WITH REGARD TO CUYAHOGA APPELLATE CASE NO. 82180, AND HAS FURTHER FAILED TO PROVIDE THIS COURT WITH ANY REASON AS TO WHY AN APPEAL WAS NOT FILED WITH THE SUPREME COURT OF OHIO. STATE V. HICKS (OCT. 28, 1982), CUYAHOGA APP. NO. 44456, REOPENING DISALLOWED (APR. 19, 1994), MOTION NO. 50328, AFFIRMED (AUG. 3, 1994), 70 OHIO ST.3d 1408. GORDON HAS ALSO FAILED TO DEMONSTRATE WHY THE CIRCUMSTANCES OF HIS APPEAL RENDER THE APPLICATION OF THE DOCTRINE OF RES JUDICATA UNJUST. THUS, WE FIND THAT THE DOCTRINE OF RES JUDICATA PREVENTS THIS COURT FROM REOPENING GORDON'S APPEAL.
 {¶ 5} FINALLY, A SUBSTANTIVE REVIEW OF GORDON'S BRIEF IN SUPPORT OF HIS APPLICATION FOR REOPENING FAILS TO ESTABLISH THE CLAIM OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL. IT IS WELL SETTLED THAT APPELLATE COUNSEL IS NOT REQUIRED TO RAISE AND ARGUE ASSIGNMENTS OF ERROR THAT ARE MERITLESS. JONES V. BARNES (1983), 463 U.S. 745, 77 L.ED.2d 987,103 S.CT. 3308. APPELLATE COUNSEL CANNOT BE CONSIDERED INEFFECTIVE FOR FAILING TO RAISE EVERY CONCEIVABLE ASSIGNMENT OF ERROR ON APPEAL. ID; STATE V. GRIMM, 73 OHIO ST.3d 413, 1995-OHIO-24, 653 N.E.2d 253; STATE V. CAMPBELL, 69 OHIO ST.3d 38, 1994-OHIO-492, 630 N.E.2d 339. GORDON MUST ESTABLISH THE PREJUDICE WHICH RESULTS FROM THE CLAIMED DEFICIENT PERFORMANCE OF APPELLATE COUNSEL. FINALLY, GORDON MUST DEMONSTRATE THAT BUT FOR THE DEFICIENT PERFORMANCE OF APPELLATE COUNSEL, THE RESULT OF HIS APPEAL WOULD HAVE BEEN DIFFERENT. STATE V. REED, 74 OHIO ST.3d 534, 1996-OHIO-21, 660 N.E.2d 456. THEREFORE, IN ORDER FOR THIS COURT TO GRANT AN APPLICATION FOR REOPENING, GORDON MUST ESTABLISH THAT "THERE IS A GENUINE ISSUE AS TO WHETHER THE APPLICANT WAS DEPRIVED OF THE ASSISTANCE OF COUNSEL ON APPEAL." APP.R. 26(B)(5).
IN STATE V. REED (1996), 74 OHIO ST.3d 534, 535, 660 N.E.2d 456, 458, WE HELD THAT THE TWO PRONG ANALYSIS FOUND IN STRICKLAND V. WASHINGTON (1984), 466 U.S. 668, 104 S.CT 2052, 80 L.ED.2d 674, IS THE APPROPRIATE STANDARD TO ASSESS A DEFENSE REQUEST FOR REOPENING UNDER APP.R. 26(B)(5). [APPLICANT] MUST PROVE THAT HIS COUNSEL WERE DEFICIENT FOR FAILING TO RAISE THE ISSUE HE NOW PRESENTS, AS WELL AS SHOWING THAT HAD HE PRESENTED THOSE CLAIMS ON APPEAL, THERE WAS A "REASONABLE PROBABILITY" THAT HE WOULD HAVE BEEN SUCCESSFUL. THUS, [APPLICANT] BEARS THE BURDEN OF ESTABLISHING THAT THERE WAS A "GENUINE ISSUE" AS TO WHETHER HE WAS A "COLORABLE CLAIM" OF INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL.
 {¶ 6} STATE V. SPIVEY, 84 OHIO ST.3d 24, 1998-OHIO-704, 701 N.E.2d 696, AT 25.
 {¶ 7} IN SUPPORT OF HIS CLAIM OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, GORDON RAISES THREE ISSUES THAT APPELLATE COUNSEL ALLEGEDLY FAILED TO ADDRESS ON APPEAL: (1) THE USE OF A URINALYSIS TEST IS SCIENTIFICALLY INVALID; (2) STRICT COMPLIANCE WITH REGULATIONS CONCERNING THE COLLECTION OF A URINE SAMPLE FROM GORDON WAS NOT EFFECTED; AND (3) THE FAILURE OF APPELLATE COUNSEL TO FILE AN APPEAL WITH THE SUPREME COURT OF OHIO. THE ISSUES RELATING TO THE USAGE OF THE URINALYSIS TO DEMONSTRATE THAT GORDON WAS INTOXICATED HAVE BEEN PREVIOUSLY RAISED AND ARGUED ON APPEAL AND THUS ARE BARRED FROM FURTHER REVIEW BY THE DOCTRINE OF RES JUDICATA. SEE STATE V. GORDON (MAY 13, 2002), CUYAHOGA APP. NO. 80079; STATE V. GORDON, CUYAHOGA APP. NO. 82180, 2003-OHIO-6160. SEE, ALSO, STATE V. DEHLER, 73 OHIO ST.3d 307, 1995-OHIO-320, 652 N.E.2d 987; STATE V. TERRELL, 72 OHIO ST.3d 247, 1995-OHIO-54, 648 N.E.2d 1353; STATE V. SMITH (JAN. 29, 1996), CUYAHOGA APP. NO. 68643, UNREPORTED, REOPENING DISALLOWED (JUNE 14, 1996), MOTION NO. 71793.
 {¶ 8} FINALLY, THE ISSUE OF APPELLATE COUNSEL'S FAILURE TO FILE AN APPEAL WITH THE SUPREME COURT OF OHIO DOES NOT DEMONSTRATE INEFFECTIVE ASSISTANCE OF COUNSEL. APP.R. 26(B)(2)(C) PROVIDES THAT THE APPLICATION FOR REOPENING SHALL CONTAIN "* * * ASSIGNMENTS OF ERROR OR ARGUMENTS IN SUPPORT OF ASSIGNMENTS OF ERROR THAT PREVIOUSLY WERE NOT CONSIDERED ON THE MERITS IN THE CASE BY ANY APPELLATE COURT OR THAT WERE CONSIDERED ON AN INCOMPLETE RECORD BECAUSE OF APPELLATE COUNSEL'S DEFICIENT REPRESENTATION." APPELLATE COUNSEL WAS NOT PERMITTED TO ARGUE, ON APPEAL TO THIS COURT, THE ISSUE OF FAILURE TO FILE AN APPEAL WITH THE SUPREME COURT OF OHIO SINCE ONLY ASSIGNMENTS OF ERROR DIRECTLY RELATED TO THE TRIAL HELD BELOW COULD BE RAISED BEFORE THIS COURT. SEE, GENERALLY, APP.R. 26(B); STATE V. MURNAHAN, SUPRA.
 {¶ 9} ACCORDINGLY, WE DECLINE TO REOPEN GORDON'S APPEAL. APPLICATION FOR REOPENING DENIED.
SWEENEY, P.J., CONCURS.
SEAN C. GALLAGHER, J., CONCURS.