JOURNAL ENTRY AND OPINION
{¶ 1} Tyrone Loyed has filed an application for reopening pursuant to App.R. 26(B). He seeks to reopen the appellate judgment that was rendered by this court in State v. Loyed, Cuyahoga App. No. 83075, 2004-Ohio-3961, which affirmed his conviction for one count of aggravated murder (R.C.2903.01(A)), with two firearm specifications, and one count of having weapons while under disability (R.C. 2923.13). For the following reasons, we decline to reopen his original appeal.
 {¶ 2} App.R. 26(B)(2)(b) provides that Loyed must establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment" which is subject to reopening. See, also, State v. Cooey, 73 Ohio St.3d 411,1995-Ohio-328, 653 N.E.2d 252; State v. Reddick, 72 Ohio St.3d 88,1995-Ohio-249, 647 N.E.2d 784. Herein, Loyed is attempting to reopen the appellate judgment that was journalized on August 9, 2004. The application for reopening was not filed until November 10, 2004, more than ninety days after journalization of the appellate judgment which affirmed Loyed's conviction. Loyed has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. Statev. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481;State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317. Thus, Loyed's application for reopening is fatally defective and must be denied.
 {¶ 3} The doctrine of res judicata also prevents the reopening of Loyed's original appeal. Errors of law that were either previously raised or could have been raised through an appeal may be barred from further review based upon the operation of res judicata. See, generally, Statev. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. The Ohio Supreme Court has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204.
 {¶ 4} Loyed did file an appeal, pro se, with the Ohio Supreme Court and either raised or could have raised the constitutional issue of ineffective assistance of appellate counsel. The Ohio Supreme Court, however, dismissed Loyed's appeal on March 16, 2005.
Since the issue of ineffective assistance of appellate counsel was raised or could have been raised on appeal to the Ohio Supreme Court, res judicata now bars any further litigation of the claim. State v. Dehler,73 Ohio St.3d 307, 1995-Ohio-320, 652 N.E.2d 987; State v. Terrell,72 Ohio St.3d 247, 1995-Ohio-54, 648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
 {¶ 5} A substantive review of Loyed's brief in support of his application for reopening fails to establish the claim of ineffective assistance of appellate counsel. It is well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id.;State v. Grimm, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; Statev. Campbell, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339. Loyed must establish the prejudice which results from the claimed deficient performance of appellate counsel. Loyed must also demonstrate that but for the deficient performance of appellate counsel, the result of his appeal would have been different. State v. Reed, 74 Ohio St.3d 534, 1996-Ohio-21,660 N.E.2d 456. Therefore, in order for this court to grant an application for reopening, Loyed must establish that "there is a genuine issue as to whether the applicant was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).
"In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the twoprong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal."
 {¶ 6} State v. Spivey, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, at 25.
 {¶ 7} Herein, Loyed has raised three issues in support of his claim of ineffective assistance of appellate counsel: (1) "Counsel was ineffective for claiming self-defense, but requesting the court to instruct the jury on voluntary manslaughter; showing that counsel was attempting to proceed on a dual course, not fully understanding and/or applying correct statute, prejudicing Appellant to a fair trial."; (2) "The trial court committed plain error in sentencing the Appellant, in violation of O.R.C. 2945.11 (Charge to the jury as to law and fact), * * *"; and (3) "Appellate counsel erroneously raised frivolous claims, acting contrary to standards of reasonable representation." Loyed has failed to demonstrate how he was prejudiced by trial counsel's request for a jury instruction with regard to the lesser included offense of voluntary manslaughter. The trial court refused to provide such an instruction to the jury and thus the trial strategy of self-defense was not prejudiced nor was the jury misled. State v. Moore (1994), 97 Ohio App.3d 137,646 N.E.2d 470; State v. Catlin (1990), 56 Ohio App.3d 75,564 N.E.2d 750.
 {¶ 8} The trial court sentenced Loyed to a term of incarceration of "one year on the gun spec plus three years on the gun spec prior to and consecutively with twenty years to life on base charge; eleven months on count two, counts to run concurrently with each other. Gun specs to merge for a total of three years prior to underlying charge." The trial court's sentence conformed with the sentencing guidelines provided in R.C. 2903.01,2923.13, 2929.03, 2929.11 et seq., 2929.14, and 2941.141. Loyed's conviction and sentence would not have been reversed had the issue of sentencing been raised on appeal.
 {¶ 9} As stated previously, appellate counsel is not required to raise and argue assignments of error which are meritless nor can appellate counsel be considered ineffective for failing to raise every conceivable assignment of error on appeal. Jones v. Barnes, supra; State v. Gumm,
supra. More importantly, we find no prejudice to Loyed as a result of the assignments of error raised by appellate counsel upon appeal.
 {¶ 10} Accordingly, we decline to reopen Loyed's original appeal. His application for reopening is denied.
Dyke, P.J., concurs Karpinski, J., concurs.