[Cite as *State v. Harrison*, 2012-Ohio-4397.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 77929**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# LORENZO HARRISON

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-382422
Application for Reopening
Motion No. 456524

**RELEASE DATE:**    September 21, 2012

**FOR APPELLANT**

Lorenzo W. Harrison, pro se
Inmate No. 563-687
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio 45699


**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By: Daniel T. Van
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

COLLEEN CONWAY COONEY, J.:

**{¶1}** Lorenzo Harrison has filed an application for reopening pursuant to App.R. 26(B). Harrison is attempting to reopen the appellate judgment rendered in *State v. Harrison*, 8th Dist. No. 77929 (Dec. 6, 2001), which affirmed his conviction for the offense of aggravated arson. We decline to reopen Harrison's appeal.

**{¶2}** App.R. 26(B)(2)(b) requires that Harrison establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Ohio Supreme Court, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has recently established that:

> * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * *
>
> * * * The 90-day requirement in the rule is applicable to all appellants, *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

*State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7-8, 10. *See also*

*State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73

Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

{¶3} Herein, Harrison is attempting to reopen the appellate judgment that was journalized on December 6, 2001. The application for reopening was not filed until July 2, 2012, more than 90 days after journalization of the appellate judgment in *Harrison*. In an attempt to establish good cause for the untimely filing of the application for reopening, Harrison argues that he had difficulty in obtaining a copy of the trial transcript and other evidentiary materials. In addition, Harrison argues the existence of a separate appeal obviated the need to file a timely application for reopening. Harrison has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. Difficulty in obtaining a transcript or other legal materials does not establish good cause for the untimely filing of an application for reopening. *State v. Houston*, 73 Ohio St.3d 346, 1995-Ohio-317, 652 N.E.2d 1018. In addition, the existence of another appeal or legal action, on behalf of Harrison, does not establish good cause for missing the filing deadline. *Gumm*; *Lamar*. *See also State v. Klein*, 8th Dist. No. 58389, 1991 Ohio App. LEXIS 1346 (Mar. 28, 1991), *reopening disallowed*, Motion No. 49260 (Mar. 15, 1994), *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. No. 67834, 1995 Ohio App. LEXIS 2962 (July 13, 1995), *reopening disallowed*, Motion No. 70493 (Apr. 22, 1996); *State v. Travis*, 8th Dist. No. 56825, 1990 Ohio App. LEXIS 1356 (Apr. 5, 1990), *reopening disallowed*, Motion No. 51073 (Nov. 3, 1994), *aff'd,* 72 Ohio St.3d 317, 1995-Ohio-152, 649 N.E.2d 1226. *See also State v. Gaston*,

8th Dist. No. 79626, 2007 Ohio App. LEXIS 147 (Jan. 17, 2007); *State v. Torres*, 8th Dist. No. 86530, 2007-Ohio-9.

{¶4} Accordingly, the application for reopening is denied.

COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
MARY J. BOYLE, J., CONCUR