[Cite as *State v. Dudley*, 2012-Ohio-5059.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 94972**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDDIE DUDLEY

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-530921
Application for Reopening
Motion No. 457179

**RELEASE DATE:** October 31, 2012

**FOR APPELLANT**

Eddie Dudley, pro se
Inmate No. 582-483
Lorain Correctional Institution
2075 South Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James M. Price
Luke Mahoney
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

COLLEEN CONWAY COONEY, J.:

{¶1} Eddie Dudley has filed an application for reopening pursuant to App.R. 26(B). Dudley is attempting to reopen the appellate judgment rendered in *State v. Dudley*, 8th Dist. No. 94972, 2011-Ohio-726, which affirmed his conviction for the offenses of kidnapping, felonious assault, and domestic violence. We decline to reopen Dudley's appeal.

{¶2} App.R. 26(B)(2)(b) mandates that Dudley establish "a showing of good cause for untimely filing if the application if filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Ohio Supreme Court, with regard to the 90-day deadline has firmly established that:

> * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication." *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * *
>
> * * * The 90-day requirement in the rule is applicable to all appellants, *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with the fundamental aspect of the rule.

*State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7-8. *See also State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73

Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

{¶3} Herein, Dudley is attempting to reopen the appellate judgment that was journalized on February 17, 2011. The application for reopening was not filed until July 26, 2012, more than 90 days after journalization of the appellate judgment in *Dudley*. Dudley, in his application for reopening, fails to argue any basis for the untimely filing of his application for reopening. Dudley, through a filing captioned "motion in contra to states memorandum in opposition to appellant's allocation for reopening" argues that he possesses "good cause" for the  untimely filing of the application for reopening based on reliance on appellate counsel and difficulty in obtaining legal documents in order to process and/or support the application for reopening.

{¶4} Reliance on appellate counsel does not establish good cause for the untimely filing of an application for reopening. *State v. White*, 8th Dist. No. 57944, 1991 Ohio App. LEXIS 357 (Jan. 31, 1991), *reopening disallowed*, Motion No. 249174 (Oct. 19, 1994); *State v. Allen*, 8th Dist. No. 65806, 1994 LEXIS 4956, *reopening disallowed*, Motion No. 267054 (July 8, 1996). In addition, difficulty in obtaining legal materials does not establish good cause for the untimely filing of an application for reopening. *State v. Houston*, 73 Ohio St.3d 346, 1995-Ohio-317, 652 N.E.2d 1018; *State v. Harrison*, 8th Dist. No. 77929, 2012-Ohio-4397. Dudley has failed to establish "a showing of good cause" for the untimely filing of his application for reopening premised on reliance on his appellate counsel and difficulty in obtaining legal materials.

**{¶5}** Accordingly, the application for reopening is denied.


COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
MARY J. BOYLE, J., CONCUR